FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 23, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA ANNE DEMAINE,<br><br>Defendant. | No. 2:25-CR-00075-RLP-1<br><br>ORDER FOLLOWING DETENTION REVIEW HEARING<br><br>**MOTION GRANTED**<br>   **(ECF No. 104)** |

On June 9, 2025, the Court held a detention review hearing to consider Defendant JESSICA ANNE DEMAINE's Motion to Modify Conditions of Release. **ECF No. 104**. Defendant appeared while in custody represented by court-appointed counsel Robert Seines. Assistant U.S. Attorney Rebecca Perez represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

The Court held a prior detention hearing for Defendant and Defendant was detained. ECF No. 92. Defendant now seeks to reopen the question of detention, and the Court finds that Defendant's Motion to Modify Conditions of, **ECF No. 104**, constitutes a sufficient basis to reopen the question of detention pursuant to 18 U.S.C. § 3142(f) and conduct a detention hearing.

Defendant, through counsel, made proffers in support of Defendant's release. Specifically, Defendant proffered a release plan wherein Defendant would temporarily release from custody on June 10, 2025, at 1:00 p.m. to American

ORDER - 1

Behavioral Health Systems (ABHS) to avail herself of inpatient substance abuse treatment. Defendant contended the proposed temporary release plan would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community.

The United States continued to oppose Defendant's release and contended there are no conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community.

The Court has reviewed and considered: the proffers and arguments of counsel; the file in this case; the Indictment, ECF No. 1; the Government's Motion for Detention, ECF No. 80; the Pretrial Services Report, ECF No. 89; the Order Granting United States' Motion for Detention, ECF No. 92; and Defendant's Motion to Modify Conditions of Release, **ECF No. 104**. Pursuant to 18 U.S.C. § 3142, the Court also considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g). Finally, the Court also considered that a rebuttable presumption[1] of detention applies in this case pursuant to 18 U.S.C.

---

[1] Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's flight risk and danger

ORDER - 2

§ 3142(e)(3)(A) as this case involves offenses under the Controlled Substances Act for which the maximum penalty is ten years or more in prison. ECF No. 3. The United States previously invoked the rebuttable presumption of detention. ECF No. 80 at 2-3. The Court agrees that the rebuttable presumption applies in the instant case pursuant to 18 U.S.C. § 3142(e)(3)(A).

      Here, Defendant proffered that if temporarily released from custody, she would attend inpatient substance abuse treatment. The Court finds, for all of the reasons stated during the hearing, that Defendant's release plan is sufficient to overcome the presumption of detention. Additionally, the Court finds, for all of the reasons stated during the hearing, that there are conditions of release the Court could impose that would reasonably assure Defendant's appearance at future proceedings and reasonably assure the safety of other persons or the community if Defendant were temporarily released to inpatient substance abuse treatment.

      **IT IS ORDERED:**

      1.    Defendant's Motion to Modify Conditions of Release, **ECF No. 104, is GRANTED**. Pursuant to 18 U.S.C. § 3142(i), Defendant shall be temporarily released to staff at ABHS who will transport her to the ABHS inpatient substance abuse facility **on June 10, 2025, at 1:00 p.m.** *PROVIDED* that Defendant's treatment and release from custody is on the express condition that treatment does

---

to the community remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

ORDER - 3

not hinder or delay the adjudication of this case, and that the Defendant appear in person when required regardless of treatment status and maintain adequate contact with defense counsel.

2. Defense counsel shall file a proposed release plan prior to Defendant's successful completion of inpatient treatment if Defendant seeks continued release following successful completion of inpatient substance abuse treatment.

3. **Absent further order of the Court, Defendant shall return to the custody of the U.S. Marshal upon completion of treatment.**

4. While temporarily released from the U.S. Marshal's custody, Defendant shall be subject to the following release conditions while on temporary release pursuant to this Order:

| | **GENERAL CONDITIONS** |
|---|---|
| 1 | Defendant shall not commit any offense in violation of federal, state, or local, or tribal law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, including tribal agencies, without providing notice to United States Probation. Defendant shall comply with all conditions of supervision imposed by other courts. |
| 2 | Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct. |
| 3 | Defendant shall sign and complete A.O. Form 199C before being released. Defendant shall reside at an address approved by Pretrial Services and advise the Court, defense counsel and the U.S. Attorney in writing at least twenty-four hours before making any change in address, phone number, or employment. |
| 4 | Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. |

ORDER - 4

| | |
|---|---|
| 5 | Defendant shall not possess a firearm, destructive device, or other dangerous weapon. There shall be no firearms in the home where Defendant resides. |
| 6 | Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. |
| 7 | Defendant shall surrender any passport and enhanced driver's license to Pretrial Services and shall not apply for replacements and shall not apply for any travel documents and/or a passport for any country. |
| 8 | Defendant shall remain in the Eastern District of Washington while the case is pending. Defendant may be permitted to travel outside this geographical area *with advance notice and approval* from U.S. Probation. |
| 9 | Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers. |
| 10 | Defendant shall contact defense counsel at least once a week. |
| | **CONTROLLED SUBSTANCES AND ASSESSMENT** |
| 11 | **Controlled Substances Prohibition:** Defendant shall not use or possess any narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized to use medical marijuana under state law and regardless of whether marijuana is legal under state law. |
| 12 | **Prohibited Substance Testing**: *Defendant shall be subject to random controlled substance testing administered by Pretrial Services and/or a treatment program and such testing shall not exceed six (6) times per* |

ORDER - 5

| | |
|---|---|
| | *month unless Defendant is participating in inpatient substance abuse treatment. While participating in inpatient substance abuse treatment, the treatment facility may conduct controlled substance testing on any frequency deemed appropriate by the facility/treatment program.* Defendant shall submit to any method of testing required by the Pretrial Service Office and/or treatment program for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall not in any way obstruct or attempt to obstruct or tamper with the efficiency and accuracy of prohibited substance testing. |
| 13 | **Substance Abuse Evaluation and Treatment**: Defendant shall participate and undergo a substance abuse evaluation. Pretrial Services may determine/approve the evaluators, schedule, and place of any evaluation. Defendant shall be responsible for the cost of testing, evaluation, and treatment, unless the United States Probation Office should determine otherwise. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment and performance in the program. *It shall be the responsibility of defense counsel to provide such waivers.* Following any evaluation or treatment ordered here, Defendant shall complete any recommended aftercare program, including inpatient treatment, outpatient treatment, and any recommended counseling. *If Defendant terminates any treatment program before it is completed, the treatment provider and Defendant shall immediately notify the U.S. Probation Officer.* |
| | **ADDITIONAL CONDITIONS** |
| 14 | **Upon successful completion of inpatient treatment, Defendant shall return to the custody of U.S. Marshal unless otherwise ordered by the Court.** |
| 15 | **If terminated from inpatient treatment prior to completion, must immediately notify Pretrial Services of termination and immediately return to custody of U.S. Marshal.** |

ORDER - 6

| 16 | **Minors:** Defendant shall not be in the presence of minors, unless a responsible adult, who is approved by Pretrial Services in advance, is present. |
|---|---|

5. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy. Yakima cases shall be heard on the following Wednesday docket, and Richland cases shall be heard on the following Thursday docket. If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

6. If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a supplemental pretrial services report and shall notify defense counsel prior to interviewing Defendant. If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

ORDER - 7

7. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED June 23, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 8